Theresa **BURKS** and Lee **Burks** Plaintiffs

v.

**GENERAL MOTORS CORPORATION** and **Gwatney Chevrolet** **Defendants**

No. 2:03CV52.

United States District Court, N.D. Mississippi, Delta Division.

Sept. 5, 2003.

Drayton Durell Berkley, Cochran Cherry Givens Smith & Bolton LLP, Memphis, TN, for Theresa Burks, Lee Burks, plaintiffs.

Paul V. Cassisa, Jr., Bernard, Cassisa & Elliott, Oxford, MS, for General Motors Corporation, Gwatney Chevrolet, defendants.

### *ORDER*

MILLS, District Judge.

This cause comes before the Court on the plaintiffs' motion for remand [9–1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are Theresa and Lee Burks, residents of Tennessee. The defendants are General Motors Corporation ("GM"), which is incorporated in Delaware and has its principal place of business in Michigan, and Gwatney Chevrolet ("Gwatney"), a Tennessee automobile dealership. On August 7, 2002, Theresa and Lee were involved in an automobile accident in Tunica County, Mississippi. They subsequently filed suit in the Tunica County Circuit Court against GM and Gwatney alleging products liability claims. GM timely removed to federal court, claiming that Mississippi could not exercise personal jurisdiction over Gwatney and that Gwatney was therefore fraudulently joined to defeat diversity.

Theresa and Lee have since moved for remand, while Gwatney has filed a motion to dismiss for lack of personal jurisdiction. These two motions present the Court with in intriguing procedural dilemma. If the Court addresses the question of subject matter jurisdiction first, then Gwatney's Tennessee citizenship clearly destroys diversity. On the other hand, if the Court addresses the question of personal jurisdiction over Gwatney first and goes on to rule in the defendant's favor, then complete diversity exists and remand is improper.

The U.S. Supreme Court recently addressed this dilemma in *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). In that case, a district court in the Southern District of Texas, confronted with a complex question of subject matter jurisdiction and a straightforward lack of personal jurisdiction, dismissed the case on the latter grounds. The district court was reversed by the Fifth Circuit, which ultimately held en banc that challenges to subject matter jurisdiction must always be addressed before challenges to personal jurisdiction. *Marathon Oil Co. v. Ruhrgas,* 145 F.3d 211 (5th Cir.1998). Upon further appeal, the Supreme Court unanimously reversed, holding that, while "expedition and sensitivity to state courts' coequal stature" should normally lead to addressing subject-matter jurisdiction first, when "a court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Ruhrgas,* 526 U.S. at 588, 119 S.Ct. at 1572. *See also Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 155 (2d Cir.1996)("In exercising its discretion as to which question to consider first, a court should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved and that the alternative ground is considerably less difficult to decide.").

Applying the *Ruhrgas* analysis to the case at bar, the Court notes that subject-matter jurisdiction poses no difficult or novel questions at all. Gwatney is plainly a non-diverse party. Indeed, the

sole basis offered for finding that Gwatney was fraudulently joined is the claim that Mississippi lacks personal jurisdiction over him. That may be the case, but if so, it must be determined by a court that has subject-matter jurisdiction. This Court does not.

ACCORDINGLY, it is hereby OR-DERED that the plaintiffs' motion for re-mand [9–1] is GRANTED, and this case is hereby remanded to the Tunica County Circuit Court.